IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD F. CLARK, | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : NO. 10-3030 |
| | : |
| CHRYSLER GROUP, LLC, | : |
| Defendant. | : |

OPINION

Slomsky, J.                                                                                                         November 5, 2010

## I.    INTRODUCTION

Before the Court are Defendant Chrysler Group L.L.C.'s Notice of Removal (Doc. No. 1), Plaintiff Edward F. Clark's Motion to Remand (Doc. No. 3), Defendant's Opposition to Plaintiff's Motion to Remand (Doc. No. 7), Defendant's Motion to Transfer (Doc. No. 8), Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Transfer (Doc. No. 9), and supplemental memorandums filed by the parties (Doc. Nos. 18 and 19).

On May 18, 2010, Plaintiff filed a Complaint against Defendant in the Court of Common Pleas of Philadelphia County. (Doc. No. 1, Ex. A.) In the Complaint, Plaintiff alleges Defendant failed to comply with contractual and statutory obligations in violation of the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. § 2301, *et seq.* (the "MMWA"), which governs warranties on consumer products including automobiles when used primarily for "personal, family, or household purposes."[1] (Id. ¶¶ 11-23.) On June 23, 2010, Defendant filed a Notice of Removal

---

[1] FTC Rules, Regulations, Statements and Interpretations Under the Magnuson-Moss Warranty Act, 16 C.F.R. § 700.1(a) (2010).

with and to this Court. (Doc. No. 1.) On July 7, 2010, Plaintiff filed the Motion to Remand. (Doc. No. 3.) On August 4, 2010, Defendant filed the Motion to Transfer this case to the United States Bankruptcy Court for the Southern District of New York. (Doc. No. 8.) For the following reasons, the Court will deny Plaintiff's Motion to Remand (Doc. No. 3) and grant Defendant's Motion to Transfer. (Doc. No. 8.)

## II. FACTUAL BACKGROUND

### A. The State Court Action

On September 3, 2007, Plaintiff purchased a 2005 Chrysler Town & Country automobile from Defendant. (Doc. No. 1, Ex. A ¶ 3.) Plaintiff alleges that as part of the sale contract, Defendant made several warranties or guarantees.[2] (Id. ¶ 6.) Plaintiff further alleges that as a result of ineffective repairs made by Defendant's authorized dealers, the vehicle is "substantially impaired" and "worthless to Plaintiff." (Id. ¶ 9.) Plaintiff asserts that the failure of Defendant's authorized dealers to repair his vehicle constitutes a breach of Defendant's contractual and statutory obligations in violation of the MMWA. (Id. ¶¶ 11-23.) Defendant asserts that at the time Plaintiff purchased the vehicle, the written warranty had expired. (Doc. No. 1 at 2.)

### B. The Chrysler Bankruptcy

On April 30, 2009, Chrysler L.L.C. (or Old Carco L.L.C.) and twenty-four of its affiliates (collectively "Debtors") filed a bankruptcy petition in the United States Bankruptcy Court for the Southern District of New York. In re Old Carco L.L.C., No. 09-50002 (Bankr. S.D.N.Y.). (Doc.

---

[2] As discussed more fully below, Defendant characterizes Plaintiff's claim as one for breach of a service contract.

2

No. 1 ¶ 2; Doc. No. 3 at 2.)[3] On June 1, 2009, the Bankruptcy Court entered an Order ("Sale Order") authorizing the sale of substantially all of Debtors' assets. (Doc. No. 1 ¶ 3; Doc. No. 3 at 2.)[4] Defendant is the purchaser of the assets and named as such in the Sale Order. In the case now before the Court, the main point of contention concerns the content of the Sale Order. Specifically, the parties dispute whether paragraph 19 of the Sale Order makes Defendant liable for the claim of Plaintiff.

C. **The Positions of the Parties Before the Court**

1. Defendant's Argument in Support of Removal

Defendant asserts that the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b) because the state action arises under or in a bankruptcy proceeding, which is governed by Title 11 of the United States Code. (Doc. No. 1 ¶ 9.) Section 1334(b) provides: "[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to* cases under title 11." (Emphasis added.) Defendant argues that because the Bankruptcy Court expressly retained jurisdiction over interpretation, implementation and enforcement of the terms and provisions of the Sale Order and because the allegations in the Complaint necessarily involve the interpretation, implementation and enforcement of that Order, this case is "related to" the bankruptcy proceeding, giving this Court jurisdiction under § 1334(b). (Id. ¶¶ 10-11.)

Additionally, Defendant argues that the state action is a "core" proceeding pursuant to 28

---

[3] The bankruptcy proceeding is still pending. (Doc. No. 1 ¶ 2.)

[4] The Sale Order is attached to Defendant's Notice of Removal as Exhibit "C." (Doc. No. 1, Ex. C.)

U.S.C. § 157(b) because it involves an interpretation of the Bankruptcy Court's Sale Order. (Id. ¶ 12.) A core proceeding is either a proceeding specifically enumerated in § 157(b)(2) or a proceeding that "involve[s] a right created by federal bankruptcy law." Halper v. Halper, 164 F.3d 830, 836 n.7 (3d Cir. 1999) (citation omitted). If a case is a core proceeding, then a district court is not required to abstain from hearing the subject matter of the proceeding. 28 U.S.C. § 1334(c)(2).[5]

### 2. Plaintiff's Argument in Support of Remand

Plaintiff asserts that the Court should remand the case pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. Section 1447(c) requires a court to remand a case if it appears at any time before final judgment that the court lacks subject matter jurisdiction. Plaintiff argues that the Court lacks subject matter jurisdiction because "[t]his action is not a case under Title 11 because it is not based on any right expressly created by Title 11." (Doc. No. 3 at 6.) Plaintiff also argues that this case is not "related to" the underlying bankruptcy case because the outcome of the instant case will have no effect on the estate being administered in bankruptcy. Plaintiff asserts that, even if the Court has jurisdiction, this case is not a core proceeding because "the plain language of the statute makes it clear that a core proceeding under § 157(b)(2)(B) must be 'against the estate.'" (Id. at 8.) Finally, Plaintiff submits that even if the Court has jurisdiction, equity favors that the Court abstain from hearing this case because "judicial economy is

---

[5] Defendant argues, in the alternative, that the Court has general jurisdiction pursuant to 28 U.S.C. § 1331, which establishes that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Because the Court has jurisdiction pursuant to § 1334(b), the Court need not address this alternative argument.

4

promoted by remand of non-core proceedings that can be fully decided in state court."[6] (Id. at 8.)

### 3. Defendant's Argument in Support of Transfer

Defendant asserts that the Court, having accepted jurisdiction, should in turn transfer the case to the United States Bankruptcy Court for the Southern District of New York pursuant to 28 U.S.C. § 1412 for three reasons: (1) transfer will promote the interest of justice; (2) there is a presumption that the proper venue for a case "related to" a bankruptcy proceeding is the court in which the bankruptcy proceeding is pending; and (3) other district courts have "routinely transferred claims against [Defendant] to the United States District Court for the [S.D.N.Y.] when, like here, those claims are based on allegations that [Defendant] has liability due to events occurring in the bankruptcy proceedings." (Doc. No. 8-1 at 6.)[7]

## III. DISCUSSION

### A. **Removal Generally**:

Removal statutes are strictly construed because there is a strong presumption against removal. Meritcare, Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217-218 (3d Cir. 1999).

---

[6] Plaintiff makes two additional claims: (1) the Court does not have jurisdiction over the subject matter of the MMWA claim because federal question jurisdiction only extends to such claims if the value of the controversy exceeds $50,000; and (2) there is no diversity jurisdiction here because the amount in controversy is less than $75,000 and both parties are citizens of Pennsylvania. Since the Court is assuming jurisdiction of this case on other grounds, there is no need to rule on these claims.

[7] Defendant cites the following cases in which transfer was made to the Bankruptcy Court for the S.D.N.Y.: Shatzki v. Abrams, No. 09-2046, 2010 WL 148183 (E.D. Cal. Jan 12, 2010); Doss v. Chrysler Group, L.L.C., No.09-2130 , 2009 WL 4730932 (D Ariz. Dec. 7, 2009); Cooper v. Daimler AG, No. 09-2507, 2009 WL 4730306 (N.D. Ga. Dec. 3, 2009); Monk v. Daimler AG, No. , 2009 WL 4730314 (N.D. Ga. 2009); Wolff v. Chrysler Group, L.L.C., No. 10-34 PA (DTBx) (Doc. No. 8, Ex. 5); Huynh v. Chrysler Group, L.L.C., No. SACV 10-00285 JVS (Anx) (Doc. No. 8, Ex. 6); Carpenter v. Chrysler, L.L.C., No. CIV 10-289-R (Doc. No. 8, Ex. 7).

Uncertainties are to be resolved in favor of remand. Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983). A defendant seeking removal has the burden of establishing a court's jurisdiction and compliance with removal procedures.

Removal is proper when a state action could have been filed originally in federal court. 28 U.S.C. § 1441(a). Stated differently, a state court action is properly removed to federal court when the federal court would have original, though not exclusive, jurisdiction over the matter. Id. A United States District Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. When a pending state court action could have been filed in federal court in the first instance, a defendant may remove the action "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Where removal is improper because a federal court lacks subject matter jurisdiction, the court may remand the case pursuant to 28 U.S.C. § 1447(c), which states: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

B. **Removal and Bankruptcy**:

In addition to the general removal statutes discussed above, Title 28 contains a removal statute that applies specifically to those cases "arising in" or "related to" bankruptcy proceedings. Under 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or *related to* cases under title 11." (Emphasis added). If a district court has jurisdiction pursuant to § 1334(b), "a party may remove any claim or cause of action in [the] civil action . . . to the district court for the district where such civil action is pending." 28 U.S.C. § 1452. "A proceeding is considered to be 'related to' a

6

bankruptcy case for purposes of establishing jurisdiction if the 'outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" Lichtenfels v. Electro-Motive Diesel, Inc., No. 09-1590, 2010 WL 653859, at *2 (W.D. Pa. Feb. 22, 2010) (quoting Pacor v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds*, Things Remembered, Inc. v. Petrarca, 516 U.S. 124 (1995)).

When a district court has jurisdiction pursuant to § 1334(b), it is required to abstain from hearing a non-core proceeding based solely on a state law claim or a state law cause of action, where such claim can be timely adjudicated in state court.[8] 28 U.S.C. § 1334(c)(2); Lichtenfels, 2010 WL 653859, at *3. A district court also is permitted to abstain from hearing a core proceeding "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1).

To determine whether a proceeding is a core proceeding, a court begins with the list enumerated in 28 U.S.C. § 157(b)(2), which provides:

Core proceedings include, but are not limited to –

**(A)**   matters concerning the administration of the estate;

---

[8] 28 U.S.C. § 1334(c)(2) states:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court *shall abstain* from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

(Emphasis added).

- **(B)** allowance or disallowance of claims against the estate . . .

- **(C)** counterclaims by the estate against persons filing claims against the estate;

- **(D)** orders in respect to obtaining credit;

- **(E)** orders to turn over property of the estate;

- **(F)** proceedings to determine, avoid, or recover preferences;

- **(G)** motions to terminate, annul, or modify the automatic stay;

- **(H)** proceedings to determine, avoid, or recover fraudulent conveyances;

- **(I)** determinations as to the dischargeability of particular debts;

- **(J)** objections to discharges;

- **(K)** determinations of the validity, extent, or priority of liens;

- **(L)** confirmations of plans;

- **(M)** orders approving the use or lease of property, including the use of cash collateral;

- **(N)** orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate;

- **(O)** other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims; and

- **(P)** recognition of foreign proceedings and other matters under chapter 15 of title 11.

If the subject matter of the proceeding is not included in § 157, then the proceeding may

still be a core proceeding "'[1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.'" Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999) (quoting In re Guild & Gallery Plus, Inc., 72 F.3d 1171, 1178 (3d Cir. 1996)). Core proceedings under "'§ 157 are those which arise only in bankruptcy or involve a right created by federal bankruptcy law,'" Id. at n.7 (quoting Specialty Mills, Inc. v. Citizens State Bank, 51 F.3d 770, 773 (8th Cir. 1995)), while non-core proceedings "'do not depend on bankruptcy laws for their existence and . . . could proceed in another court.'" Id. (quoting Sec. Farms Int'l Bhd. of Teamsters, Chauffers, Warehouseman & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997)). All other proceedings "related to" a bankruptcy case are non-core proceedings. See generally N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50 (1982) (articulating, for the first time, the core/non-core distinction).

    C.    **Transfer**:

"A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. This section allows a case to be transferred in the two situations noted: either in the interest of justice *or* for the convenience of the parties. In re Dunmore Homes, Inc., 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008). Factors to consider in determining whether it is "in the interest of justice" to transfer a case include:

> (1) plaintiff's choice of forum; (2) defendant's preference; (3) whether the underlying claim arose elsewhere; (4) relative physical and financial conditions of the parties; (5) convenience of witnesses; (6) location of books and records; (7) enforceability of any judgment obtained; (8) practical considerations making trial easy, expeditious or inexpensive; (9) administrative difficulty arising from court congestion; (10) local interest in

9

> controversy; (11) public policies in each forum; and (12) familiarity of trial court with applicable law.

Toth v. Bodyonics, Ltd., No. 06-1617, 2007 WL 792172, at * 2 (E.D. Pa. Mar. 15, 2007) (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995)). When a case in which transfer is sought is one "related to" a bankruptcy proceeding, the district where the bankruptcy action is pending is generally the appropriate venue. Id. (citing 1 Collier of Bankruptcy 4.02 (15th ed. Rev. 2005)).

### D. **Removal and Transfer in this Case**:

In determining whether this Court should remand this case to the Court of Common Pleas of Philadelphia County or transfer it to the U.S. Bankruptcy Court for the Southern District of New York, the Court must consider the following:

(1) Was removal proper? To determine whether removal was proper, the Court must analyze whether the present case is "related to" the underlying bankruptcy proceeding such that the Court has jurisdiction over the claims pursuant to § 1334(b), *supra*. If the case is not "related to" the underlying bankruptcy proceeding, then removal is improper and the case should be remanded to state court. 28 U.S.C. § 1447(c). If the proceeding is "related to" the underlying bankruptcy case, then the Court has jurisdiction over it and the Court must resolve the following question.

(2) Is this case a core or non-core proceeding? If the case is a non-core proceeding, then the Court must abstain pursuant to § 1334(c)(2) and the case should be remanded to state court. If the case is a core proceeding, then the Court must resolve the following question.

(3) Should the Court transfer venue to the U.S. Bankruptcy Court for the Southern District of New York where the bankruptcy proceeding is ongoing?

### 1. The Instant Case is "Related To" the Underlying Bankruptcy Proceeding Giving this Court Jurisdiction and Allowing Removal.

"A proceeding is considered to be 'related to' a bankruptcy case for purposes of establishing jurisdiction if the 'outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" Lichtenfels, 2010 WL 653859 at * 2. "'[J]urisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate.'" In re Guild, 72 F.3d at 1181 (quoting In re Marcus Hook, 943 F.2d 261, 266 (3d Cir. 1991)).

Plaintiff contends that the Court does not have "related to" jurisdiction over the state action because "Plaintiff's lawsuit is under [the MMWA] and does not require interpretation of the Sale Order." (Doc. No. 3 at 10.) Plaintiff asserts that pursuant to the Sale Order, Defendant "expressly assumed" liability for "breach of express and implied warranties" under the MMWA, including the breach Plaintiff asserts in the Complaint. (Id. at 11.)

Defendant disagrees that the claim asserted by Plaintiff was assumed by Defendant in the Sale Order, and argues that "it is precisely because of this disagreement," which requires an interpretation of the Sale Order, that remand should be denied and the case should be transferred to the Bankruptcy Court for the Southern District of New York. (Doc. No. 7 at 4.) Defendant asserts that the Complaint alleges a breach of a *service* contract issued on a vehicle assembled by Debtors. (Id.) Defendant argues that while the Sale Order references a claim for breach of

11

*warranty* under the MMWA, it does not reference a claim for breach of a *service* contract. Defendant asserts that it assumed liability in the Sale Order for breach of warranty in the MMWA, but not for breach of a service contract in the MMWA. (Id. at 4-5.)

Defendant argues that because its interpretation of the Sale Order conflicts with Plaintiff's interpretation of the Sale Order, resolution of the threshold issue in the case (whether Defendant, by the Sale Order, assumed liability for Plaintiff's claim) requires an interpretation of the Sale Order. (Id. at 6.) Defendant asserts that the necessity of an interpretation of the Order of the Bankruptcy Court gives this Court "related to" jurisdiction under § 1334(b). (Id.)

> Paragraph 19 of the Sale Order Provides:
>
> "Notwithstanding anything else contained herein or in the Purchase Agreement, in connection with the purchase of the Debtors' brands and related Purchase Assets, the Purchaser, from and after the closing, will recognize, honor and pay liabilities under Lemon Laws for additional repairs, refunds, partial refunds (monetary damages) or replacement of a defective vehicle . . . , and for any regulatory obligations under such Lemon Laws arising now, including but not limited to cases resolved prepetition or in the future, on vehicles manufactured by the Debtors in the five years prior to the Closing . . . . As used herein, "Lemon Law" means a federal or state statute, including, but not limited to, claims under the Magnuson-Moss Warranty Act based on or in conjunction with a state breach of warranty claim, requiring a manufacturer to provide a consumer remedy when the manufacturer is unable to conform the vehicle to the warranty after a reasonable number of attempts as defined in the applicable statute."

(Emphasis added).

> The Magnuson-Moss Warranty Act ("MMWA") provides:
>
> **(6)** The term "written *warranty*" means--
>
>> **(A)** any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship

12

> is defect free or will meet a specified level of performance over a specified period of time, or
>
> **(B)** any undertaking in writing in connection with the sale by a supplier of a consumer product to refund, *repair, replace, or take other remedial action* with respect to such product in the event that such product fails to meet the specifications set forth in the undertaking,
>
> which written affirmation, promise, or undertaking becomes part of the basis of the bargain between a supplier and a buyer for purposes other than resale of such product.
>
> **(7)** The term "implied warranty" means an *implied warranty arising under State law* (as modified by sections 2308 and 2304(a) of this title) in connection with the sale by a supplier of a consumer product.
>
> **(8)** The term "*service contract*" means a contract in writing to perform, over a fixed period of time or for a specified duration, *services relating to the maintenance or repair* (or both) of a consumer product.

15 U.S.C. § 2301 (Emphasis added). The Federal Trade Commission has provided a regulation to explain the distinction between a "warranty" and a "service contract" under the MMWA. Title 16 of the Code of Federal Regulations, section 700.11(b) and (c) provide as follows:

> (b) "Written warranty" and "service contract" are defined in sections 101(6) and 101(8) of the Act, respectively. A written warranty must be "part of the basis of the bargain." This means that it must be conveyed at the time of sale of the consumer product and the consumer must not give any consideration beyond the purchase price of the consumer product in order to benefit from the agreement.
> . . .
> (c) A service contract under the Act must meet the definitions of section 101(8). An agreement which would meet the definition of written warranty in section 101(6)(A) or (B) but for its failure to satisfy the basis of the bargain test is a service contract.

While a seller may provide a "warranty of service" under 15 U.S.C. § 2301(6)(B) or enter into a separate "service contract" under 15 U.S.C. § 2301(8), 16 C.F.R. § 700.11 provides that

the two are separate and distinct. As Defendant notes in its Brief in Opposition to Plaintiff's Motion to Remand (Doc. No. 7 at 5), 16 C.F.R. § 700.11 provides that a service contract may never be deemed a warranty because the promise to provide service is not a part of the consideration bargained for in the contract for sale. Rather, the promise to provide service is supported by independent consideration.

Here, Plaintiff's Complaint references 15 U.S.C. §§ 2301(1), (3), (4), (5), (8), and § 2310(d)(1) and (2).[9] (Doc. 1, Ex. A ¶¶ 14-16, 20, 22.) In referencing § 2301(8) and not §

---

[9] Title 15 of the United States Code, section 2301 contains the definition of terms used in the MMWA, 15 U.S.C. §§ 2301, *et seq.* Section 2301(1) defines the term "consumer product," while §§ 2301(3), (4), and (5) define the terms "consumer," "supplier" and "warrantor" respectively. Section 2310 provides remedies available in consumer disputes.

Paragraph 22 of the Complaint contains the following: "As a direct and proximate result of Defendant's failure to comply with the express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2301(d)(1), Plaintiff is entitled to bring suit for [] damages [as provided in § 2301(d)(2)] and other legal and equitable relief." (Doc. No. 1, Ex. A.) Section 2301(d) provides:

> Civil action by consumer for damages, etc.; jurisdiction; recovery of costs and expenses; cognizable claim.
>
> (1) Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief–
>
>     (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>
>     (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.
>
> (2) If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of cost and expenses

2301(6) or (7), Plaintiff alleges a breach of a *service* contract under MMWA. Plaintiff does not allege a breach of *warranty* under MMWA.

Paragraph 19 of the Sale Order provides that Defendant assumed Debtors' consumer claims "under Lemon Laws," meaning "a federal or state statute, including, but not limited to, claims under the Magnuson-Moss Warranty Act based on or in conjunction with a state breach of *warranty* claim." While this encompasses consumer claims for breach of *warranty* under MMWA § 2301(6) or (7), it is not clear that paragraph 19 encompasses consumer claims for breach of a *service* contract under MMWA § 2301(8). Thus, it is apparent that the Sale Order contains an ambiguous term critical to the outcome of this case.

To resolve this ambiguity, this Court would be required to interpret the Sale Order. Because the threshold question of Defendant's liability for the claim asserted in this case would require the interpretation of the Sale Order of the Bankruptcy Court, this case is "related to" the bankruptcy case.

### 2. The Instant Case is a Core Proceeding.

Given that this case is "related to" the underlying bankruptcy proceeding, the Court must determine whether it is a core proceeding. Defendant argues that it is a core proceeding because it requires the Court to interpret and give effect to the Bankruptcy Court's Sale Order, thereby falling squarely within 28 U.S.C. § 157(b)(2)(N)'s definition of a core proceeding.

---

(including attorneys' fees based on actual time expended) determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate.

15

Section 157(b)(2)(N) provides that "orders approving the sale of property" are core proceedings. This case, however, does not require the Court to issue an "order[] approving the sale of property." It requires only that the Court interpret such an order. Therefore, it is not entirely clear that it falls "squarely" within § 157(b)(2)(N)'s definition of a core proceeding, as Defendant suggests. However, even if not specifically enumerated in § 157, a case is a core proceeding "'[1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case.'" Halper, 164 F.3d at 836 (quoting In re Guild, 72 F.3d at 1178).

Here, the case is a core proceeding because its resolution turns on the interpretation of the Bankruptcy Court's Sale Order, as discussed above, and is based on rights established by the Sale Order. In re Allegheny Health, Educ. & Research Found., 383 F.3d 169, 176 (3d Cir. 2004) ("[W]e hold that the bankruptcy court correctly determined that the suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders."); see also In re Petrie Retail, Inc., 304 F.3d 223, 229-30 (2d Cir. 2002) ("[T]he dispute in this case was based on rights established in the sale order. '[O]rders approving the sale of property' are core bankruptcy proceedings. In this case, the sale order, plan of reorganization, and confirmation order set forth the rights Luan could assert vis-a-vis Marianne in connection with the sale of the lease, specifically prohibiting actions for excluded liabilities. Thus, although the original lease was a pre-petition contract, many of Marianne's rights with regard to the lease were established as part of the core bankruptcy court function of approving the sale of the Petrie property.")

### 3. The Case Will be Transferred to the U.S. Bankruptcy Court for the Southern District of New York.

Pursuant to 28 U.S.C. § 1412, the Court "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." When the case in which transfer is sought is one "related to" a bankruptcy proceeding, the district where the bankruptcy is pending is generally the appropriate venue. Toth, 2007 WL 792172, at * 2.

Here, Defendant seeks to transfer the case to U.S. Bankruptcy Court for the Southern District of New York, the place where the underlying bankruptcy case is pending. Defendant argues that transfer is "in the interests of justice." Defendant asserts that transfer promotes judicial economy because, by allowing the Bankruptcy Court to interpret its own Order, inconsistent interpretations will be prevented which could occur if different courts were to interpret the same provision. (Doc. No. 8, Ex. A at 7.) In addition, Defendant asserts that the Bankruptcy Court is in a unique position to interpret its own Order and "expressly retained jurisdiction to 'implement[], enforce[] and interpret[]'" it. (Id. at 6-7.)

Transferring this case to the Bankruptcy Court for the Southern District of New York is warranted for several reasons. First, the Court begins with the presumption that in a case "related to" a bankruptcy proceeding, the district where the bankruptcy is pending is generally the appropriate venue. Toth, 2007 WL 792172, at * 2. Here, the case is related to the underlying bankruptcy pending in the U.S. Bankruptcy Court for the Southern District of New York. Therefore, this Bankruptcy Court is presumed to be the appropriate venue. Second, the Bankruptcy Court expressly "retain[ed] jurisdiction to *interpret*, implement and enforce the terms

17

and provisions of th[e] Sale Order." (Doc. No. 1, Ex. C ¶ 59 (Emphasis added)). Third, transfer promotes judicial economy. By transferring the case to the Bankruptcy Court, the Court reduces the risk of an inconsistent interpretation of paragraph 19.

The Court has considered Plaintiff's choice of forum and the convenience afforded to Plaintiff in allowing the parties to litigate the matter in Pennsylvania, where the incident giving rise to the action occurred. The Court finds, however, that these factors are outweighed by those stated above. In addition, the Court recognizes that allowing the Bankruptcy Court to interpret its Sale Order to determine the threshold issue regarding Defendant's liability on Plaintiff's claims does not preclude the case from ultimately being returned to a Pennsylvania court for disposition. See Cooper v. Daimler, No. 09-2507, 2009 WL 4730306, at *5 (N.D. Ga. Dec. 3, 2009). If the Bankruptcy Court determines that, pursuant to paragraph 19, Defendant assumed liability for breach of a service contract under the MMWA, then the Bankruptcy Court may remand the case back to the Court of Common Pleas of Philadelphia County for resolution of Defendant's liability, if any, to Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiff's Motion to Remand (Doc. No. 3) and grant Defendant's Motion to Transfer to the Bankruptcy Court for the Southern District of New York. (Doc. No. 8.)

An appropriate Order follows.